# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAKIDA HARRINGTON,**

  **Plaintiff,**

**v.**             Case No. 17-2226-JAR-KGS

**RENZENBERGER, INC.,**

  **Defendant.**

## ORDER OF DISMISSAL

Plaintiff Jakida Harrington brought this action against her former employer, Renzenberger, Inc., alleging claims of discrimination, wrongful termination, and hostile work environment in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101.[1] Before the Court is Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 21) pursuant to Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1.

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[2] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss

---

[1] The parties jointly stipulated to the dismissal of Defendant Hallcon Corporation (Doc. 10).

[2] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

as uncontested.[3]  A *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[4]

Accordingly, the Court dismisses the action without prejudice pursuant to Fed. R. Civ. P. 41(b), subject to certain conditions should Plaintiff refile her complaint: (1) at the time of refiling, Plaintiff must provide Defendant with all discovery responses and documents currently outstanding; (2) Plaintiff shall promptly comply with all discovery requirements in the refiled case; and (3) Plaintiff shall pay the fees Defendant incurred in filing the motion to dismiss in this case.  Should Plaintiff decide to refile this case and fail to meet any of the conditions set forth above, the Court shall, upon Defendant's motion, dismiss Plaintiff's refiled case with prejudice.

**IT IS THEREFORE ORDERD BY THE COURT** that Defendant Renzenberger, Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. 21) is **granted**.  This matter is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b), subject to the conditions set forth herein.

**IT IS SO ORDERED.**

Dated: November 13, 2017

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's counsel was permitted to withdraw after providing Plaintiff with notice of case-related information and deadlines; in its Order, the Court put Plaintiff on notice that she is personally responsible for her case.  Doc. 20.

[4] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).